IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE D. L., | ) |
| | ) No. 22 C 1563 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Stephanie D. L. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On October 13, 2020, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-28, 53-87.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since April 20, 2019, the alleged disability onset date. (R. 17.) At step two, the ALJ found that plaintiff has the severe impairments of sciatica and obesity and non-severe impairments that include anxiety, personality disorder, and depression. (R. 18-19.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 21.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a file clerk and a customer complaint clerk, and thus she is not disabled. (R. 22-28.)

Plaintiff argues that the ALJ incorrectly assessed the opinion of independent medical examiner Dr. Sanka Samardzjia. Dr. Samardzija diagnosed plaintiff with persistent depressive disorder with persistent major depressive episodes, generalized anxiety disorder, and histrionic personality disorder. (R. 436.) Dr. Samardzija also said plaintiff's ability to relate to others, to perform simple, repetitive tasks, to maintain concentration, persistence, and pace, and to withstand pressures of day-to-day work activity were "impaired." (R. 437.) The ALJ said Dr. Samardzija's opinion was "not persuasive" because:

> Her opinion is not consistent with Agency criteria for disability determinations. While [she] assesses the claimant's functioning in certain areas, she does not define the term "impaired" or otherwise explain the degree of limitation reported. Dr. Samardzija further fails to identify any specific functional limitation(s) based upon the alleged impairment. The undersigned notes that while the claimant reported that her activities of daily living were limited during Dr. Samardzija's examination, during her contemporaneous physical examination the claimant reported that she was fine with her activities of daily living.

(R. 27) (citations omitted).

Plaintiff says the ALJ's assessment violates the regulations governing the evaluation of medical opinions. Those regulations require the ALJ to consider a variety of factors when assessing a medical opinion, the most important of which are the extent to which the opinion is supported by the doctor's own records and is consistent with evidence from other sources. 20 C.F.R. § 404.1520c(b)(2), (c)(1), (2) (stating that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be" and "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"). Because Dr. Samardzija was an independent medical examiner, not a treating physician, there were no treatment records for the ALJ to compare to the doctor's opinion. But the ALJ also did

not expressly assess how consistent Dr. Samardzija's opinion was with the other evidence in the record, an omission that plaintiff contends is reversible error.

The Court disagrees. As relevant here, the regulations define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in . . . [y]our ability to perform mental demands of work activities . . . ." 20 C.F.R. § 404.1513(a)(2)(ii). The ALJ said that Dr. Samardzija's opinion was, in essence, no opinion at all because she characterized some of plaintiff's mental abilities as "impaired" but did not explain whether or the extent to which they limited plaintiff's ability to perform work activities. (R. 27.) Because Dr. Samardzjia's "opinion" was not a medical opinion as defined by the regulations, the ALJ's failure to assess it as one was not error.[1]

Plaintiff also argues that the ALJ erred because she failed to explain why she did not incorporate in the RFC the limitations she said plaintiff has in the so-called paragraph B criteria.[2] (*See* R. 19-21 (ALJ stating that plaintiff is mildly limited in her ability to interact with others, maintain concentration, persistence and pace, and adapt and manage herself).) The Court agrees. After determining that plaintiff had mild limitations in these paragraph B criteria, the ALJ said:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

---

[1] Because the Court finds that the ALJ properly characterized Dr. Samardzija's submission as a non-opinion, it need not address the parties' contentions about whether or how the ALJ assessed the consistency factor.

[2] The paragraph B criteria are four areas of functioning an ALJ must assess to determine the severity of claimant's mental impairments. They are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Jan. 27, 2023).

(R. 21.) But the RFC the ALJ subsequently fashioned does not account for any mental limitations. (R. 22-23.) Moreover, the ALJ does not even mention those limitations, let alone explain why there was no need to account for them, in her explanation of the RFC. (R. 23-25.)[3] "While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (emphasis in original) (internal citation omitted); *see Susana C. v. Kijakazi*, No. 20 CV 135, 2022 WL 4535201, at *7 (N.D. Ill. Sept. 28, 2022) ("To be sure, an ALJ is not required to account for a mild limitation in a single area of mental functioning with a non-exertional limitation, but it takes no great leap of logic to conclude that the more areas affected, the more likely such a limitation might be warranted. Even if the ALJ determines otherwise, she must explain why."). Plainly, the ALJ believed plaintiff's mild mental limitations did not need to be accommodated in the RFC but her failure to explain why that is so requires a remand.

---

[3] Defendant contends that, read as a whole, the ALJ's decision "sufficiently explains why no mental restrictions were necessary in [the RFC]." (ECF 17 at 10.) Defendant does not, however, identify the portions of the decision that contain that explanation.

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [16], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  ENTERED:  February 2, 2023

**M. David Weisman**
**United States Magistrate Judge**